**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AETNA LIFE INSURANCE COMPANY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 13-3101 |
| | : | |
| FOUNDATION SURGERY AFFILIATES, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**SUR-REPLY OF FOUNDATION DEFENDANTS**
**IN RESPONSE TO PLAINTIFF'S REQUEST FOR *DAUBERT* HEARING ON MOTION TO PRECLUDE EXPERT REPORT AND TRIAL TESTIMONY**

The Foundations Defendants respectfully submit this sur-reply solely with respect to Aetna's request, made for the first time yesterday at the end of its reply brief, that the Court hold a formal *Daubert* hearing. Pl.'s Reply Br. (Dkt. No. 178) at 7.

Aetna's belated request is strange given that on July 8, 2015 it told the Court that it "does not believe that a Hearing is necessary" on its then to-be-filed *Daubert* motion, "as both experts were deposed and the basis for Aetna's Motions arises from this testimony and the respective Rule 26(a)(2) reports." Ex. A (letter from Mark J. Schwemler to the Court, July 8, 2015). See United States v. Kubini, Crim. A. 11-14, 2015 WL 418220, at *5 (W.D. Pa. Feb. 2, 2015) ("A *Daubert* hearing is not necessary if the Court determines, in an exercise of its broad discretion to make evidentiary rulings, that the record on file including expert reports, curricula vitae and any other submissions provide a sufficient factual foundation upon which to make a ruling on the admissibility of the proffered opinion evidence." (citing United States v. Downing, 753 F.2d 1224, 1241 (3d Cir. 1985)); Maldonado v. Walmart Store No. 2141, Civ. A. 08-3458, 2011 WL 1790840, at *13 n.10 (E.D. Pa. May 10, 2011) ("The Third Circuit has held that a trial court need

not conduct an evidentiary hearing on a *Daubert* challenge if the record is sufficient to allow the Court to make a determination.") (citations omitted).[1]

Until yesterday, Aetna believed that its challenge to Dr. Burns would not present one of the "more complex case[ ] where cause for questioning the expert's reliability arises." United States v. Phung, 127 Fed. Appx. 594, 597 (3d Cir. 2005) (quoting Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999)). And until yesterday, on this particular point Aetna was right.

Respectfully submitted,

Dated:  September 1, 2015  BUCHANAN INGERSOLL & ROONEY PC

/s/  Richard M. Simins
Richard M. Simins (PA Atty. # 57754)
Robert J. Fitzgerald (PA Atty. # 85142)
Grace D. Greenhall (PA Atty. # 316610)
Two Liberty Place
50 S. 16th St., Suite 3200
Philadelphia, PA 19102-2555
Telephone:  (215) 665-8700
richard.simins@bipc.com
robert.fitzgerald@bipc.com
grace.greenhall@bipc.com

*Attorneys for Defendants Foundation Surgery Affiliates, LLC and Foundation Surgery Management, LLC*

---

[1] Aetna did not ask for a hearing in its motion or initial brief either. And in its reply brief, it does not say what new evidence might be provided at a hearing. It notes only that the "Third Circuit has 'long stressed' the importance of holding an in limine hearing," Pl.'s Reply Br. at 6, without pointing out that a few sentences later, in the same opinion, the Third Circuit observed that "[a]n in limine hearing will obviously not be required whenever a *Daubert* objection is raised to a proffer of expert evidence.." Padillas v. Stork–Gamco, Inc., 186 F.3d 412, 417-18 (3d Cir. 1999). The Third Circuit has more recently emphasized that, "where the evidentiary record pertaining to an expert is extensive, a court does not abuse its discretion in ruling on a *Daubert* challenge without a separate hearing." De La Cruz v. Virgin Islands Water & Power Auth., 597 Fed. Appx. 83, 92 (3d Cir. 2014) (citation omitted).

# EXHIBIT "A"



www.elliottgreenleaf.com

Elliott Greenleaf & Siedzikowski, P.C.
925 Harvest Drive
Blue Bell, Pennsylvania 19422
Phone: (215) 977-1000 • Fax: (215) 977-1099

MARK J. SCHWEMLER
Direct Dial (215)977-1051
mjs@elliottgreenleaf.com

July 8, 2015

VIA FACSIMILE

The Honorable William H. Yohn, Jr.
United States Court for the
Eastern District of Pennsylvania
601 Market Street, Room 14613
Philadelphia, PA 19106-1797

    Re:    **Aetna Life Insurance Company v. Foundation Surgery Affiliates, LLC et al.**
             **Civil Action Number 13-3101**

Dear Judge Yohn:

    We represent Aetna Life Insurance Company in the above-captioned matter, and write separately in this instance concerning Defendants' proposed expert witnesses. *See* Doc. No. 16 (Scheduling Order), ¶ 13 (addressing proposed expert testimony). Aetna is prepared to file Motions to Preclude the proposed testimony of the Foundation Defendants' proposed expert and, if needed, Defendant Huntingdon Valley Surgery Center's ("HVSC") proposed expert (we are hopeful of finalizing a settlement with HVSC). We are mindful, however, of the Court's Scheduling Order as it relates to *Daubert* Hearings. *Id.* Aetna does not believe that a Hearing is necessary, as both experts were deposed and the basis for Aetna's Motions arises from this testimony and the respective Rule 26(a)(2) reports. Nevertheless, to the extent that the Court wanted to hold a Hearing as a matter of practice, Aetna did not want to submit its Motions prior to that Hearing, unless the Court directs Aetna to do so.

    We are available to discuss these issues at Your Honor's convenience, so that Aetna may proceed in the manner preferred by the Court. Thank you for your consideration of these issues.

                                        Respectfully,

                                        Mark J. Schwemler

cc:    Joseph C. Monahan (via e-mail)
        Richard Simins (via e-mail)

# CERTIFICATE OF SERVICE

I hereby certify that, on this 1st day of September, 2015, I caused to be served upon counsel, as indicated below, a true and correct copy of the foregoing Sur-Reply of Foundation Defendants in Response to Plaintiff's Request for Hearing on Motion to Preclude Expert Report and Trial Testimony:

John M. Elliot
Mark J. Schwemler
Gregory S. Voshell
ELLIOTT GREENLEAF, P.C.
50 S. 16th Street, Ste. 2960
Philadelphia, PA 191029
(**via ECF Filing**)

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Robert J. Fitzgerald*
　　　　　　　　　　　　　　　　　　　　　　　Robert J. Fitzgerald