IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AETNA LIFE INSURANCE COMPANY** *Plaintiff* | : CIVIL ACTION : : NO. 13-3101 |
| v. | : : |
| **FOUNDATION SURGERY AFFILIATES, LLC**, *et al.* *Defendants* | : : : |

NITZA I. QUIÑONES ALEJANDRO, J.                             JANUARY 28, 2016

# MEMORANDUM OPINION[1]

**INTRODUCTION**

On September 29, 2015, Aetna Life Insurance Company ("Plaintiff" or "Aetna") filed a *motion for reconsideration or, in the alternative, for certification of issues for interlocutory appeal,* [ECF 188], of the Memorandum Opinion and Order issued by the Honorable William H. Yohn, Jr., on September 15, 2015. Foundation Surgery Affliates, LLC, and Foundation Management, LLC (collectively, "Defendants"), the remaining defendants in this action, oppose the motion. [ECF 189]. The issues raised in the motion have been fully briefed and are ripe for disposition.[2]

For the reasons stated herein, Aetna's motion for reconsideration is denied, and the motion for certification is granted.

---

[1]   This matter was reassigned to the undersigned on September 22, 2015, following Judge Yohn's retirement.
[2]   Plaintiff's reply, [ECF 190], and Defendants' sur-reply, [ECF 191], were also considered.

## BACKGROUND[3]

On June 5, 2013, Aetna filed a complaint against Huntingdon Valley Surgery Center ("Huntingdon Valley"), Foundation Surgery Management, LLC, ("FSM"), and Foundation Surgery Affiliates, LLC ("FSA"). Aetna is a Connecticut corporation that provides health insurance and administrative services, and has contracted with physicians and facilities throughout the United States to create a network of medical providers. Under a provider contract, the "in-network" provider administers services to Aetna members at reduced rates negotiated between the provider and Aetna. When a provider cannot agree on rates with Aetna, said provider is deemed to be "out-of-network" with Aetna. Aetna members with out-of-network benefits usually pay more out-of-pocket expenses when they are treated by providers outside Aetna's network.

Huntingdon Valley is an ambulatory surgery center primarily owned by 22 physicians, and is an out-of-network provider. The physician-owners of Huntingdon Valley, however, each have a separate provider agreement with Aetna which governs their relationship with Aetna. FSM, which is wholly owned by FSA, manages Huntingdon Valley's day-to-day operations.

In the complaint, Aetna accuses Defendants of violating a Pennsylvania anti-kickback statute, committing insurance fraud, and tortiously interfering with contracts between Aetna and Huntingdon Valley's physician-owners. These accusations stem from alleged unlawful and fraudulent business policies and practices contrived and implemented by Defendants to Aetna's financial detriment. Briefly, Aetna contends that Defendants established an "out-of network" scheme to pay kickbacks to physicians to induce their referral of patients to Huntington Valley

---

[3] The factual background underlying the parties' complex dispute is well-known to the litigants, and is set forth in great detail in Judge Yohn's September 15, 2015 Memorandum Opinion. Therefore, it will not be repeated in detail except, if needed, to provide context to the analysis.

rather that to less costly in-network facilities in the same geographic area. Plaintiffs contend that this alleged fraudulent referral violates Pennsylvania law and public policy interest in containing healthcare costs. Further, Defendants unlawfully inflated healthcare costs payable by Aetna when Defendants waived co-payments that Aetna's insureds were required to pay for services provided at an out-of-network facility, such as Huntingdon Valley, without advising Aetna of the waiver, and at the same time, billed Aetna for the full costs of the provided services.

On June 19, 2015, Huntingdon Valley, FSM, and FSA each moved for summary judgment on Aetna's remaining claims.[4] Aetna cross-moved on its insurance fraud claim (Count III) and moved for summary judgment on Huntingdon Valley's counterclaims. Huntingdon Valley subsequently settled with Aetna and is, therefore, no longer a party in this action.

By Memorandum Opinion and Order dated September 15, 2015, Judge Yohn granted summary judgment to FSM and FSA on Counts: I (violation of Pennsylvania anti-kickback statute); III (insurance fraud); IV (aiding and abetting insurance fraud); VIII (equitable relief); and IX (equitable accounting) of Aetna's amended complaint. Only Count II (civil conspiracy) and Count V (tortious interference with contract) of the amended complaint survived for trial.

On September 29, 2015, Aetna filed the underlying motion for reconsideration, or in the alternative, for certification for interlocutory appeal, which Defendants have opposed.

**DISCUSSION**

As stated, Aetna seeks either reconsideration of Judge Yohn's September 15, 2015 Order and Memorandum Opinion or, in the alternative, certification of the issues contained therein for interlocutory appeal. These requests will be discussed separately.

---

[4] Aetna's claim for unjust enrichment was previously dismissed.

*Motion for Reconsideration*

Aetna contends that error was committed in denying its motion for partial summary judgment as to Count III of its amended complaint. The scope of a motion for reconsideration is, however, "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). That is, motions to reconsider are not to be used as an opportunity to re-litigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence or an intervening change in law. *Kerlinsky v. Main Line Hospitals, Inc.*, 2012 WL 4050764, at *1 (E.D. Pa. Sept. 14, 2012) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). Accordingly, a motion to reconsider should only be granted where the movant shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion" at issue; "or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In its motion for reconsideration, Aetna invokes the third permitted basis for reconsideration.

To meet this narrow standard, Aetna essentially contends that error occurred when the Court incorrectly (1) made assumptions concerning Medicare billing and reimbursement that are erroneous; (2) concluded that the terms of a contract between Defendants and a third party immunizes Defendants under the Pennsylvania Insurance Fraud Statue; and (3) surmised that Defendants billed Aetna in a manner fundamentally different than the way it bills Medicare. On this last contention of error, Aetna argues that since Defendants in their response to the motion to reconsider admit that they did not bill Aetna any differently than it billed Medicare, Defendants have admitted that Judge Yohn was misled on this critical issue and, therefore, the Memorandum Opinion should be reconsidered and reversed. Aetna further alleges that the Court relied upon

this purported billing distinction in order to distinguish the case *sub judice* from a Department of Health & Human Services fraud alert and the various judicial decisions relying on it, which concluded that the routine waiver of deductibles and copayments, as are alleged in this case, amounts to insurance fraud. Defendants argue that these are "ludicrous contentions" and deny that they misled the Court.

While Plaintiff has succinctly stated the basis of its disagreement with the Court's Memorandum Opinion and underlying reasoning, Aetna has not established that the Court's decision amounts to a clear error of law or fact. In fact, as repeatedly noted by Plaintiff, the issues raised by the parties involve questions of *first* impression not governed by controlling law. Despite the absence of controlling law, it is apparent from the 33-page well-reasoned Memorandum Opinion that the Court considered each party's arguments, including those presented in Plaintiff's underlying motion for reconsideration, before reaching its decision. While Plaintiff may disagree with the Court's Memorandum Opinion, such disagreements, however, do not meet the narrowly prescribed circumstances for reconsideration. This Court finds no reason to disturb the Memorandum Opinion and Order issued. Therefore, Aetna's motion for reconsideration is denied.

### *Motion for Certification for Interlocutory Appeal*

Alternatively, Aetna moved to have the issues addressed in Judge Yohn's Memorandum Opinion and Order regarding Counts I (violation of Pennsylvania anti-kickback statute), Count III (insurance fraud), and Count IV (aiding and abetting insurance fraud) certified for interlocutory appeal to the Third Circuit Court of Appeals. Title 28 U.S.C. § 1292(b) allows a district court to certify an order for interlocutory appeal if it is of the opinion that:

> such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an

> immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

*Id.*

Pursuant to this statute, "a non-final order may only be certified for interlocutory appeal if the court determines that it: (1) involves a 'controlling question of law;' (2) for which there is 'substantial ground for difference of opinion;' and (3) which may 'materially advance the ultimate termination of the litigation' if appealed immediately." *Knipe v. Smithkline Beecham*, 583 F. Supp.2d 553, 598 (E.D. Pa. 2008) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)). Each of these elements must be met for certification although, if all of the elements are satisfied, the decision to certify an interlocutory order for appeal under § 1292(b) rests within the sound discretion of the trial court. *Id.* at 599. Although Defendants disagree, this Court finds that Aetna has met all the elements necessary for certification.

As to the first element, a "controlling question of law" is one in which either: (1) if decided erroneously, would lead to reversal on appeal; or (2) is "serious to the conduct of the litigation either practically or legally." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). Here, Judge Yohn dismissed Counts I, III and IV, and determined, as a matter of law (and first impression), that a "health care provider" under § 4117(b)(2) is one licensed by the Commonwealth of Pennsylvania to provide health care (*see* Mem. at pp. 9-14); and that Defendants' conduct and policies did not violate § 4117(a). These determinations were premised on legal analysis of Medicare reimbursement rules and on the impact of contracts between providers and a third party. If these determinations are reversed on appeal, Plaintiff's claims in Counts I, III and IV, which were dismissed on summary judgment, would be revived and the matter will either be remanded to the district court for trial or judgment entered in Plaintiff's

favor. As such, the undersigned opines that the Order and Memorandum Opinion involve controlling questions of law and, thus, satisfy the first element of the certification analysis.

Under the second element, "[s]ubstantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard." *Hall v. Wyeth, Inc.*, 2010 WL 4925258, at *2 (E.D. Pa. Dec. 2, 2010). The absence of controlling law on a particular issue can constitute substantial grounds. *See Bellas v. CBS, Inc.*, 221 F.3d 517, 518 (3d Cir. 2000) ("This matter has been certified for interlocutory appeal to address a question of first impression in this court . . . ."); *Montgomery Cnty. v. Merscorp, Inc.*, 2014 WL 4452971, at *1 n.2 (E.D. Pa. Sept. 8, 2014) (certifying an order for interlocutory appeal where "the issues presented by this action involve a matter of first impression under Pennsylvania law."); *Duffy v. Lawyers Title Ins. Co.*, 2012 WL 2527027, at *2 (E.D. Pa. July 2, 2012); *Chase Manhattan Bank v. Iridium Africa Corp.*, 324 F. Supp.2d 540, 545 (D. Del. 2004). Here, there is no dispute that the controlling questions of law at issue are also questions of first impression. (*See, e.g.,* Mem. at pp. 8-9, 17). As such, the Memorandum Opinion involves questions which the Third Circuit Court of Appeals has not yet had the opportunity to address. In addition, Plaintiff has presented legal support, though from outside of this jurisdiction and thus, non-binding, to support the viability of its claims. Under these circumstances, the undersigned opines that a substantial ground for difference of opinion exists. Accordingly, the second element for certification is met.

The third element for certification requires a determination of whether an interlocutory appeal would materially advance the ultimate termination of the litigation. A key consideration to this determination is "the avoidance of harm" to a party from a possibly erroneous interlocutory order and the "avoidance of possibly wasted trial time and litigation expense."

*Russ-Tobias v. Pa. Bd. of Prob. & Parole*, 2006 WL 516771, at *32 (E.D. Pa. Mar. 2, 2006) (quoting *Katz*, 496 F.2d at 756).

As argued by Aetna, and this Court agrees, if an interlocutory appeal is not permitted, Plaintiff would have to proceed to trial with its remaining claims against Defendants, then appeal the dismissal of Counts I, III and IV, which, if successful, could conceivably result in a second trial on the reactivated claims. By permitting the Third Circuit Court of Appeals to address these issues now, the Court and parties avoid the possibility of multiple trials involving the same parties, facts, evidence, and witnesses. Therefore, in the interests of judicial economy and to avoid the piecemeal litigation that would result in the absence of an interlocutory appeal, it is the undersigned's opinion that this third prong for consideration is met.

**CONCLUSION**

For the reasons stated herein, Aetna's motion for reconsideration is denied; and the motion to certify the September 15, 2015 Memorandum Opinion and Order for interlocutory appeal is granted. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.